## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JENITHA N. MOORE, | * | CAFN:_____ |
| | * | |
| Plaintiff, | * | |
| | * | **COMPLAINT OF VIOLATIONS** |
| v. | * | **OF THE FAIR CREDIT** |
| | * | **REPORTING ACT** |
| | * | |
| CISIVE, INC., | * | |
| | * | **DEMAND FOR JURY TRIAL** |
| Defendant. | * | |

## COMPLAINT

Plaintiff JENITHA N. MOORE ("Plaintiff") by and through undersigned counsel, files this *Complaint* against Defendant CISIVE, INC, ("Cisive" "Defendant") for violations of the Fair Credit Reporting Act, and states as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff Jenitha Moore brings this action under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq,* seeking actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant Cisive.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p as Plaintiff asserts claims arising under the Fair Credit Reporting Act, a federal statute.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant Cisive conducts substantial and regular business activities here,

including furnishing consumer reports to employers located in this district. A substantial part of the events or omissions giving rise to the claim occurred within this District.

## PARTIES AND SERVICE

### Plaintiff Jenitha Moore

4.      At all times relevant to the events giving rise to this action, Plaintiff resided in Decatur, Georgia.

5.      At all times material hereto, Plaintiff was and remains a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### Defendant Cisive, Inc

6.      Defendant Cisive, Inc. is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), engaged in interstate commerce by assembling, evaluating, and furnishing consumer reports to third parties as defined under 15 U.S.C. § 1681d.

7.      Defendant's principal place of business 5000 Corporate Ct., Suite 203, Holtsville, NY 11742.

8.      Defendant conducts substantial and regular business activities in this District, including furnishing consumer reports to employers located in this District, and may be served with process through its registered agent, Cisive, Inc. 5000 Corporate Ct., Suite 203, Holtsville, NY 11742.

## FACTUAL ALLEGATIONS

### Background

9.     In September 2025, Plaintiff applied for employment with a potential employer ("Employer").

10.     In January 2026, Plaintiff received a conditional offer of employment from Employer, contingent upon passing a background check furnished by Defendant Cisive.

11.     Plaintiff's start date was scheduled for February 6, 2026 contingent on passing a background check furnished by Defendant.

12.     On or about January 8, 2026, Defendant Cisive furnished a consumer report regarding Plaintiff to Employer ("Report").

13.     In the Report, Defendant Cisive falsely stated that Plaintiff was convicted of a violent felony.

14.     Plaintiff is not a convicted felon and has no criminal history.

15.     As a direct and proximate result of the inaccurate Report, on January 29, 2026, Employer informed Plaintiff that her start date would be placed on hold.

16.     As a result of her delay in employment, Plaintiff was forced to take a job in another state across the country in order to earn wages and pay her bills. This move created significant economic burden, out of pocket expenses, and emotional distress.

17.     Defendant Cisive furnished inaccurate criminal history for Plaintiff in the

Report.

18.    Defendant Cisive failed to follow reasonable procedures to assure maximum possible accuracy in preparing Plaintiff's Report, which contained materially false information.

19.    Defendant Cisive failed to take adequate steps to verify whether Plaintiff had any criminal history before including it in Plaintiff's consumer report and furnishing it to Employer.

20.    As a result of Defendant Cisive's negligent or willful failure to establish and follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffered delayed of employment, loss of wages, emotional distress, embarrassment, reputational hard, anxiety, sleeplessness, and disruption to her daily routine, as well as significant time and effort spent correcting the inaccurate Report.

21.    On Defendant Cisive wilfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## CAUSES OF ACTION

### Count I – Negligent Violation of the Fair Credit Reporting Act
### 15 U.S.C. §1681e(b) – Failure to Assure Maximum Possible Accuracy

22.    Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23.    This cause of action arises from Defendant's negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b).

24.    Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information contained in Plaintiff's consumer report.

25.    Specifically, Defendant included materially inaccurate information about Plaintiff's criminal history.

26.    As a direct and proximate result of Cisive's negligent conduct, Plaintiff suffered actual damages including lost wages, delayed employment opportunity, emotional distress, humiliation, and reputational harm.

27.    Defendant Cisive's negligent conduct subjects it to liability for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.

**Count II – Wilful Violation of the Fair Credit Reporting Act**
**15 U.S.C. §1681e(b) – Failure to Assure Maximum Possible Accuracy.**

28.    Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

29.    Defendant wilfully failed to comply with its obligations under 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer report.

30.    Defendant knew or should have known that the criminal history it furnished was inaccurate yet failed to verify the data or correct the report.

31.    As a result of Defendant's wilful conduct, Plaintiff suffered actual damages including lost wages, delayed employment, reputational harm, emotional distress, and the expenditure of time and effort to correct the report.

32.    Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

33.    Plaintiff demands a trial by jury on all issues and counts so triable, according to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant Cisive, Inc., and award the following relief:

1. Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a)(1), including but not limited to lost wages, out of pocket expenses, delayed employment opportunities, reputational harm, emotional distress, and expenses incurred in correcting the inaccurate report;

2. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), in an amount to be determined by the Court;

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for wilful violations of the FCRA;

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2); and

5. Such other and further relief as the Court deems just and proper.

**Dated:** February 16, 2026

Respectfully submitted,

**FCRA ATTORNEYS**

/s/ *Lynn M. Mckeel*
Lynn M. Mckeel
GA Bar No 244409
12600 Deerfield Pkwy, Suite
100, Alpharetta, GA 30004
Tel:   (404) 793-4880
Fax:   (469) 669-0786
Lynn@fcraattorneys.com
*Lead Attorney for Plaintiff*